Ross E. McMILLIN, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare of the United States of America, Appellee.

No. 9261.

United States Court of Appeals
Tenth Circuit.

Oct. 17, 1967.

Robert A. Jackson, Oklahoma City, Okl., for appellant.

Robert L. Berry, Oklahoma, City, Okl., (B. Andrew Potter, Oklahoma City, Okl., was with him on brief), for appellee.

Before MURRAH, Chief Judge, WILBUR K. MILLER, Circuit Judge * and HICKEY, Circuit Judge.

MURRAH, Chief Judge.

A claim filed by McMillin under 42 U.S.C. §§ 416 and 423 to have a period of disability established and for social security disability insurance benefits was

* Of the United States Court of Appeals for the District of Columbia, sitting by designation.

denied by a hearing examiner of the Department of Health, Education and Welfare, who found that the claimant's physical impairments were not of sufficient severity to prevent him from engaging in moderately light physical work. Based on this finding, the examiner concluded that McMillin was not precluded from engaging in "substantial gainful activity" within the meaning of the statute. After considering additional evidence furnished by claimant, the Appeals Council adopted the hearing examiner's decision as the final decision of the Secretary. In this suit to review the Secretary's decision, the trial judge sustained the Secretary's motion for summary judgment, and McMillin has appealed.

The proper scope of judicial review of these administrative proceedings is clearly set forth in Gardner v. Brian, 10 Cir., 369 F.2d 443, and cases cited therein, and these standards need not be reiterated here. We have only to apply them to the facts of this case.

■ When our case arose, a claimant was under the necessity of showing the existence of a "disability" at any time on or before the date he last satisfied the insured status requirements, and that the disability continued to exist through the date of filing his application.[1] See Free v. Celebrezze, D.C., 245 F.Supp. 610; Edwards v. Celebrezze, D.C., 220 F.Supp. 79; Quesenberry v. Celebrezze, D.C., 214 F.Supp. 697. "Disability" was defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration". 42 U.S.C. §§ 416(i) (1) and § 423(c) (2).[2] Consequently, McMillin

has the burden of showing the existence of impairments precluding any substantial gainful activity, and that such disability commenced on or prior to June 30, 1955, the date on which he last met the special earnings requirement, and continued until September 21, 1964, the date he filed his application.

Evidence was presented before the hearing examiner that McMillin was 57 years old when he filed his claim, and has only a sixth grade education. He began working in the oil fields as a rotary driller at the age of 16, and, except for two short periods in military service, continued in such capacity until suffering a back accident in 1952. Following the removal of a ruptured disc in a subsequent laminectomy operation, McMillin did oil well casing work until 1953, when he allegedly became disabled due to arthritis in his upper and lower spine and right elbow, and partial loss of hearing. The claimant's income tax returns show that he performed no work from 1953 to 1959. In 1960 he purchased a truck and did light hauling for four years, but a net loss was suffered each year. In the latter part of 1964, McMillin visited the Vocational Rehabilitation Service, but was considered not to be a fit subject for rehabilitation because of his advanced age, physical limitations and lack of education.

Numerous reports of medical examinations relating to McMillin's physical condition on the crucial dates of June 30, 1955, and September 21, 1964, were submitted to the hearing examiner and Appeals Council. Suffice it to say that the reports generally are in agreement that McMillin has arthritis in his spine, knees and elbow. There is conflict, however, as to the effect of the arthritic condition on McMillin's ability to work. One doc-

---

1. A 1965 amendment removed the requirement of 42 U.S.C. § 423(a) (1) (D) that the disability exist at the time of filing the application.

2. The definition of disability was amended in 1965 to read:
   "[I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months".

tor states that "this patient could work if he so desired", while another one concludes that McMillin could not be rehabilitated to gainful manual labor "under any medical treatment."

■ After reviewing all the evidence—medical and non-medical—including the record of light hauling between 1960 and 1964, and in view of McMillin's education, training and work experience, the hearing examiner concluded, and the Secretary and trial judge apparently agreed, that while "it may very well be that claimant could not return to work in the oil field industry, * * * the evidence does not establish that claimant's ability to walk, bend, stand, stoop and use his arms is so restricted that he cannot continue to work at such moderately light work as driving a small truck, hauling trash, or other routine labor which would not require excessive lifting or carrying." Our review of the evidence of record discloses that there is substantial evidence to support the Secretary's conclusion that McMillin is mentally and physically capable of performing light routine work such as hauling trash. But, equally important is the examiner's concession that claimant was unable to engage in the only gainful occupation he has ever followed—rotary drilling. In these circumstances, it is incumbent upon the Secretary to show that the work the claimant is found to be capable of doing is, in fact, a "substantial gainful activity" within the meaning of the statute, and furthermore, that such activity is reasonably available "within the geographical areas which the claimant would normally be expected to consider if regularly in the labor market." Gardner v. Brian, supra, quoting Gardner v. Smith, 5 Cir., 368 F.2d 77. See also Kirby v. Gardner, 10 Cir., 369 F.2d 302. No evidence whatsoever was presented from which it can be said that these two basic requirements have been met. Indeed, McMillin testified that he attempted light hauling for four years without gain.

The judgment of the trial court is accordingly vacated and the case is remanded with directions to proceed in accordance with the views herein expressed.