Gene J. STEVENS, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 75–0516–D.

United States District Court, W. D. Oklahoma.

March 22, 1976.

Jack N. Shears, Ponca City, Okl., for plaintiff.

William R. Burkett, U. S. Atty.; by O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for reversal of the final decision of the Secretary of Health, Education and Welfare denying Plaintiff's application for the establishment of a period of disability and for disability insurance benefits as provided by Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423.

Plaintiff filed an application for a period of disability and for disability insurance benefits on September 27, 1973 alleging he had become unable to work on June 7, 1973 at age 46 (Tr. 71–74). The application was denied initially and also upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration (Tr. 75–76, 78–79). Plaintiff requested a hearing. The Administrative Law Judge before whom Plaintiff appeared, upon de novo consideration of the case, found Plaintiff was under a disability starting on June 7, 1973 (Tr. 19–20). Upon review of the Administrative Law Judge's decision, and upon consideration of additional evidence, the Appeals Council found Plaintiff was not disabled on or before March 31, 1974, the last day he met the statutory earnings requirements (Tr. 5–12, 81). Plaintiff then filed this action within the statutory period.

An applicant for Social Security disability insurance benefits has the burden of establishing he was disabled on or before the date on which he last met the statutory earnings requirements. *McMillin v. Gardner*, 384 F.2d 596 (Tenth Cir. 1967). For purposes of Plaintiff's claim "disability" means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to

last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423. The scope of the Court's review authority is narrowly limited by 42 U.S.C. § 405(g). The Secretary's decision must be affirmed if supported by substantial evidence. *Gardner v. Bishop,* 362 F.2d 917 (Tenth Cir. 1966), 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict where the conclusion sought to be drawn from the evidence is one of fact for the jury.[1] Substantial evidence is less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Consolo v. Federal Maritime Com.,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

In conducting an administrative review it is the duty of this Court to examine the facts contained in the administrative record, evaluate the conflicts and make a determination therefrom whether the facts support the several elements which make up the ultimate administrative decision. *Nickol v. United States,* 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz,* 503 F.2d 96 (Tenth Cir. 1974). In this case the ultimate administrative decision is evidenced by the findings of the Appeals Council. The Appeals Council found that Plaintiff's primary impairment was a Mueller-Charnely total hip prosthesis which was in excellent position; Plaintiff's secondary impairment consisted of chronic alcoholism; Plaintiff is able to stand for a reasonable period, walk, sit, bend, stoop, carry, push, pull, manipulate arms and fingers, lift and drive with reasonable facility; Plaintiff retained the capacity to perform certain former jobs which involved sedentary and light work activity; and that the evidence did not establish that the Plaintiff's impairment had prevented him from engaging in substantial gainful activity for any continuous period beginning prior to March 31, 1974 which had lasted or could be expected to last a continuous period of not less than twelve months.

The elements of proof which should be considered in determining whether Plaintiff has established a disability within the meaning of the Act are: (1) objective medical facts; (2) medical opinions; (3) subjective evidence of pain and disability; and (4) background, work history and age. *Hicks v. Gardner,* 393 F.2d 299 (Fourth Cir. 1968). The evidence in the record before the Court will be summarized below.

## MEDICAL EVIDENCE, OBJECTIVE AND OPINION

Plaintiff was hospitalized at the Ponca City Hospital between June 7, 1973 and June 27, 1973. Plaintiff's complaint was pain in the left hip. Asceptic necrosis, early, left hip, secondary to chronic alcoholism was diagnosed. Total hip replacement with a Meuller-Charnely total hip was performed. Dr. Martin, an orthopedic surgeon, was the operating surgeon. Plaintiff began getting up on crutches six days after the operation. Plaintiff's wound healed well and he was discharged with the expectation of getting him off crutches within three weeks. Two months after the operation Plaintiff was able to walk short distances without a limp. He was essentially pain free. On October 2, 1973 Dr. Martin stated that Plaintiff could function in a sitting type job where he did not have to stand, climb stairs or do hard labor (Tr. 95–105).

In a report of telephonic conversation dated December 26, 1973 Dr. Bob Gibson, a general practitioner, stated that he last saw Plaintiff in October, 1973. Plaintiff complained of extreme nervousness and was

---

1. In considering a motion for directed verdict the Court should view the evidence in the light most favorable to the party against whom the motion is made and direct the verdict sought only when the evidence and all the inferences to be drawn therefrom are so patent that the minds of reasonable men could not differ as to the conclusions to be drawn therefrom. *Oldenburg v. Clark,* 489 F.2d 839 (Tenth Cir. 1974).

known to have a history of alcoholic abuse. It was expected that Plaintiff could return to work within one year of his operation (Tr. 106).

In a report of ability to work dated October 3, 1973 Dr. Martin stated that Plaintiff was very limited in the type of work he could do. In office records dated November 12, 1973 Dr. Martin stated that Plaintiff had come into his office and said that the Veteran's Administration had given him a 100% disability and he wanted the same from Social Security. Dr. Martin stated, however, that Plaintiff was able to work at a sedentary occupation and would, in theory, be able to return to more active labor as he progressed. (Tr. 109).

In a report dated May 20, 1974 a Dr. Houk stated he saw Plaintiff on May 17, 1974 and Plaintiff appeared to be totally disabled. Dr. Houk further stated that Plaintiff would probably never be able to return to construction work. (Tr. 113).

Veteran's Administration records show that Plaintiff was hospitalized between March 6, 1972 and May 8, 1972 in an alcohol treatment program. Physical examination at this time revealed the hip problem subsequently corrected by surgery at the Ponca City Hospital. Plaintiff detoxified well and made progress with the program. However, at discharge the prognosis was guarded. (Tr. 116-117).

Plaintiff was examined at the Osler Clinic by a Dr. Ghormley on October 23, 1974. Plaintiff related his past medical problems, both in the alcohol program and with regard to the hip operation. Plaintiff stated he had not done well post operatively. Plaintiff was observed to walk short distances without a cane. Passive range of motion in the left hip was normal. Dr. Ghormley concluded Plaintiff was able to stand, sit, bend, walk, stoop, carry, push, pull, manipulate arms and fingers, lift and drive with reasonable facility. It was felt that Plaintiff would have trouble climbing stairs and using public transportation. It was also felt that Plaintiff would be able to engage in sedentary and light activity. Dr. Ghormley stated that the alcoholic personality was an over-riding factor in the result obtained from the total hip replacement. (Tr. 118-120).

In a report dated January 10, 1975 Robert F. Redmond, M.D. stated that he examined Plaintiff on December 17, 1974. Plaintiff complained of alcoholism, joint swelling, pain in the wrist and hands and pain in the neck, dorsal region, and shoulders. Physical examination showed non-acute swelling of the wrists, no swelling of the knees, a 9 inch scar over the left hip, and muscle spasm and limited motion in the lumbar and cervical regions. Blood count was normal. X-ray examination showed an increase of the lumbrosacral angle. Dr. Redmond concluded that Plaintiff would be disabled for a period in excess of one year.

## SUBJECTIVE EVIDENCE

Plaintiff testified that he had a nervous breakdown in 1969 (Tr. 42). After the hip surgery he attempted to return to his former employment but was unable to continue after a day and a half (Tr. 48). He is unable to do house or yard work (Tr. 48–49). He has emotional problems (Tr. 51). He can only walk two blocks without stopping (Tr. 58). He can sit only 60 minutes without becoming uncomfortable (Tr. 59). He has trouble with falling (Tr. 60–61). He can lift only 5 to 15 pounds (Tr. 60–61).

## VOCATIONAL DATA

Plaintiff was born on October 4, 1927 (Tr. 35). He finished the 9th grade (Tr. 37). He completed barber college and kept his barber's license current 5 years (Tr. 38). He was in the Navy from 1944 to 1946 and served as an electrician on an aircraft carrier (Tr. 38). He has worked as a heavy equipment operator (Tr. 39), in an aircraft factory (Tr. 39), in the highway department as a field clerk (Tr. 40–87), as a laborer (Tr. 41), as a roughneck (Tr. 41), and as a driver for a funeral home (Tr. 44–45).

## CONCLUSION

The gist of the Secretary's decision is that while Plaintiff no longer has the

capacity to do heavy work he could return to his former work as a driver. Plaintiff worked at his job as a maintenance man until shortly before his June 1973 hip operation. He made a good recovery from this operation and Dr. Martin felt that Plaintiff could do sedentary work within two months after the operation. In October, 1973 Dr. Ghormley found that Plaintiff was able to drive. Both Dr. Houk and Dr. Redmond found that Plaintiff was disabled. On this state of the record it would be impossible to hold that the Secretary's decision is unsupported by substantial evidence. There is a clear conflict in the evidence. The physician who treated Plaintiff for the longest period of time has not found him to be disabled. The physicians who found him to be disabled based their opinions on a single examination. Where there is such a clear conflict in the evidence it is not the office of this Court to substitute its judgment for that of the Secretary. A reasonable mind might well conclude that, on this state of the record, Plaintiff regained his ability to return to his former employment as a driver within one year of the operation. Accordingly, the Secretary's decision must be affirmed.

A Corrected Judgment and Order consistent with the foregoing will be entered this date.