**Patrick KENNY, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education & Welfare, Defendant.**

**No. 74 C 1454.**

United States District Court, E. D. New York.

July 30, 1976.

Zwerling & Zwerling, New York City, for plaintiff by George T. Delaney, New York City.

David G. Trager, U. S. Atty., E. D. N. Y., for defendant by Michael G. Cavanagh, Asst. U. S. Atty., Brooklyn, N. Y.

## MEMORANDUM OF DECISION

NEAHER, District Judge.

This is an action under section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), to review the decision of the Secretary of Health, Education and Welfare (the Secretary) denying plaintiff disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i), 423. Defendant has moved for judgment on the pleadings.[1]

The transcript of the administrative record and the briefs filed in this court reveal the following operative facts. Plaintiff is 51 years old and has an eighth-grade education, received in Ireland, and the equivalent, he believes, of a sixth to seventh-grade education here (Tr. 41–42). He was employed from age 14 on, first as an ordinary and then an able-bodied seaman. He came to the United States in 1945.

Plaintiff traces the onset of his disability to an accident on board ship in April 1967 in which he injured his back and tore a ligament in his leg (Tr. 47). He did not work at all for two months, and thereafter worked intermittently, due to his physical condition, until September 1968 when he resumed steady employment (Tr. 51). In September 1970 he received a complete physical exami-

---

1. Plaintiff first applied for disability benefits on December 14, 1972 and was denied both an original consideration and reconsideration by the Bureau of Disability Insurance of the Social Security Administration. Plaintiff then sought, and was granted, a hearing before an administrative law judge. The hearing was held on February 11, 1974. The administrative law judge considered the case *de novo*, and rendered a decision on March 28, 1974, finding plaintiff not entitled to benefits under the Act. The Appeals Council upheld the decision on September 6, 1974, making it the final decision of the Secretary. Plaintiff timely filed his action for review in this court on October 15, 1974.

nation and was found in satisfactory health (Tr. 53).

Plaintiff continued in his employment as a seaman, apparently as chief boatswain, until January 14, 1971 (Tr. 44–45, 90). At that time his ship was decommissioned and he was laid off (Tr. 45). After waiting to be reassigned for some months, he registered with the union hall for a job as an able-bodied seaman (Tr. 45). He testified that he would not have been able to accept such a job, if offered, due to severe pain in his back and legs (Tr. 57). He has not been employed since January 14, 1971.

## The Medical Evidence

It is unclear whether plaintiff first sought medical attention for his "disabling" back condition in March or April 1971 (Tr. 54) or not until sometime in 1972 (Tr. 58, 107–08). He was then and continues to be treated by the United States Public Health Service on an out-patient basis, not only for his back but for long-standing sinus and skin conditions as well. Although he completed State vocational rehabilitation training in air conditioning and heating in 1972, plaintiff has not attempted to seek employment in that line (Tr. 66).

The medical evidence before the administrative law judge consisted of the medical reports of two orthopedic surgeons and the medical records of the United States Public Health Service.

Dr. Holman, an orthopedic surgeon with the United States Public Health Service, after a consultation on May 8, 1973, in which he was aware that Mr. Kenny was "anxious for some type of retirement" (Tr. 141), reported a history of low back pain made evident by activity and diagnosed chronic lumbosacral sprain. He related, apparently accepting plaintiff's statement, that Mr. Kenny had difficulty doing anything around his house without lower back pain and in bending and twisting, and could not sit for any period of time. He recommended a lower back support. It was Dr. Holman's opinion that Mr. Kenny "should be considered as permanently not fit for duty at sea" (Tr. 141).

Dr. Felicetti, an orthopedic surgeon who examined plaintiff on July 18, 1973 in connection with plaintiff's initial application for disability benefits with the State agency, on the basis of X-rays and that examination, diagnosed his condition as a mild spondylitis of the lumbosacral spine and minimal arthritis of the knee. His opinion was that Mr. Kenny could lift about 30 pounds, walk ½ mile, stand for 20–30 minutes and sit for 30–45 minutes. He concluded,

"I feel he has high earning capacity and should be rehabilitated in some type of work which may not be as hazardous as working on the ships." (Tr. 127)

Dr. Matles, an orthopedic surgeon, submitted an evaluation subsequent to the administrative law judge's decision, which was incorporated in the record at plaintiff's counsel's request and reviewed by the Appeals Council. The physical examination, conducted June 10, 1974, revealed some tenderness in the back and knee areas, lack of flexion and decreased range of motion (7–10 degrees) of the lower thorical lumbar spine. Based on Mr. Kenny's history, Dr. Matles concurred in the diagnosis of chronic lumbosacral sprain and gave the following opinion:

"Assuming the history and findings as well as the medical reports from the USPH Service it is the opinion of this examiner that the patient is not able to perform his full and regular occupation. He has been marked permanently unfit for sea duty." (Tr. 153).

Plaintiff's Public Health Service records have been made part of the administrative record (Tr. 107–25, 135–52) and indicate plaintiff's continuing long-standing complaints of chronic low back pain, plus sinusitis and a skin condition. Progress notes of a February 1974 visit give the opinion that plaintiff's "low back strain will recur by any type of heavy lifting or work" (Tr. 152).

## The Administrative Findings

The statutory prerequisite for obtaining disability benefits is plaintiff's

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .". 42 U.S.C. § 423(d)(1)(A).

■ The factors which the administrative law judge must take into account in assessing disability are: (1) the objective medical facts; (2) diagnoses or medical opinions based on these facts; (3) subjective evidence of pain and disability testified to by the claimant or others; and (4) the claimant's educational background, age and work experience. *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 41 n.2 (2 Cir. 1972).

The administrative law judge in concluding that

"2. The medical evidence of record fails to establish any anatomical, physiological or psychological abnormalities demonstrable by medically acceptable clinical diagnostic techniques or medically acceptable laboratory diagnostic techniques to substantiate the existence of a physical or mental impairment of a degree of severity sufficient to preclude the claimant, for a period of at least 12 successive months, from light or sedentary work which exists in the national economy.

3. The claimant has not established that he is under a disability, as defined in the Social Security Act."

implicitly found as fact that, although all medical reports stated that plaintiff was not fit for sea duty, plaintiff's subjective expression of total disability to perform any kind of work was not corroborated by the medical evidence. (See Tr. 19–22). No vocational expert testified as to what jobs plaintiff could perform. Nor did the administrative law judge identify specific types of work that plaintiff could do. Taking "administrative notice" of the existence of light or sedentary work in the national economy, and concluding that plaintiff did

not show he was precluded from light and sedentary work, the judge decided that plaintiff was not entitled to disability benefits.

### The Scope of Review

■ The court's function, on this review, is limited by law to determining whether the decision of the Secretary is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *Gold v. Secretary of Health, Education & Welfare, supra,* 463 F.2d at 41. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 619–20, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477–87, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939). However, it "must do more than create a suspicion of the existence of the fact to be established." *NLRB v. Columbian Enameling & Stamping Co., supra.*

■ On review, the court must also bear in mind that where, as here, plaintiff was not represented at the hearing, the administrative law judge has the duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," *Gold v. Secretary of Health, Education and Welfare, supra,* 463 F.2d at 43, and the court has the duty "to make a 'searching investigation' of the record." *Id.*[2]

### Discussion

■ For a claimant to be eligible for disability benefits, he must establish (1) the existence of a "medical impairment," and (2) that by reason of such impairment, he is unable to "engage in any substantial gainful activity." *Kerner v. Flemming,* 283 F.2d 916, 921 (2 Cir. 1960). See *Franklin v. Secretary of Health, Education and Welfare,* 393 F.2d 640 (2 Cir. 1968).

2. Plaintiff, it should be noted, was later represented by counsel on his request for review by the Appeals Council and thereafter. (Tr. 11–12).

Here the existence of a medical impairment is not disputed by the parties and is supported by unanimous medical evidence. The Secretary concedes that, because of his back condition, plaintiff suffers from certain medical impairments which preclude him from engaging in his prior employment as a merchant seaman. The Secretary contends, however, that plaintiff's back condition is not of sufficient severity to constitute a disability because he might still engage in light and sedentary employment ashore. Thus, review must focus on the state of the administrative record with respect to plaintiff's ability to engage in other substantial gainful activity.

The specific issues are: (1) whether, once a claimant for disability benefits has established inability to return to his former occupation, whose burden it is to come forward with evidence of the availability of other occupations the claimant is capable of performing; (2) whether that burden is satisfied by taking administrative notice of the existence of light and sedentary work in the national economy; and (3) whether any other evidence in the record sustains the findings of the administrative law judge.

█ Substantial precedent establishes that plaintiff makes out a *prima facie* case by showing inability to return to his former occupation, and that it is thereupon encumbent upon the Secretary to come forward with some evidence that other work exists which a person with the claimant's particular background and condition could perform. The claimant, of course, has the ultimate burden of showing that his disability precludes any substantial gainful employment. *Meneses v. Secretary of Health, Education and Welfare,* 143 U.S.App.D.C. 81, 442 F.2d 803 (1971); *Hernandez v. Weinberger,* 493 F.2d 1120 (1 Cir. 1974) reaf-

firming *Reyes Robles v. Finch,* 409 F.2d 84 (1 Cir. 1969); *Baker v. Gardner,* 362 F.2d 864 (3 Cir. 1966); *Taylor v. Weinberger,* 512 F.2d 664 (4 Cir. 1975) reaffirming *Hicks v. Gardner,* 393 F.2d 299 (4 Cir. 1968); *Gray v. Finch,* 427 F.2d 336 (6 Cir. 1970); *Stark v. Weinberger,* 497 F.2d 1092 (7 Cir. 1974); *Rosin v. Secretary,* 379 F.2d 189 (9 Cir. 1967); *McMillin v. Gardner,* 384 F.2d 596 (10 Cir. 1967); *Terio v. Weinberger,* 410 F.Supp. 209 (W.D.N.Y.1976); *Robinson v. Richardson,* 360 F.Supp. 243 (E.D.N.Y. 1973).[3]

█ In this case, the Secretary has come forward with no evidence that, considering plaintiff's age, education, work experience and condition, there were jobs plaintiff was able to perform. If evidence of plaintiff's capacity to perform specific jobs had been adduced, it then would have been permissible for the administrative law judge to take administrative notice of the fact that such jobs are commonly known to exist in the national economy. *Hernandez v. Weinberger, supra,* 493 F.2d at 1123.[4] Here, the administrative law judge took administrative notice not only of the fact that "light and sedentary" work exists in the national economy (Tr. 22), but then proceeded to make the ultimate conclusion that plaintiff could engage in such employment without identifying any specific jobs plaintiff could perform. It is clear the judge held to the view that plaintiff must not only establish he could not work at sea, his former occupation, but also had the burden of showing he could not engage in *any* work on shore either. That view of the law is, of course, at odds with the weight of authority previously cited.

The sole conceivable basis in the record for the administrative law judge's finding that plaintiff was not precluded from en-

3. Although one circuit has indicated the view that the burden does not shift to the Secretary, *Miller v. Finch,* 430 F.2d 321 (8 Cir. 1970), once medical reports substantiate a medical impairment, and claimant has testified he cannot work, the hearing examiner has the burden to produce a vocational counselor on the issue of substantial gainful activity, see *Garrett v. Finch,* 471 F.2d 598 (8 Cir. 1972).

4. Indeed, *Brown v. Finch,* 429 F.2d 80 (5 Cir. 1970), and *Breaux v. Finch,* 421 F.2d 687 (5 Cir. 1970), upon which the administrative law judge relied, when closely read, stand for this identical proposition.

gaging in light and sedentary work is the medical report of Dr. Felicetti. The only finding made by Dr. Felicetti was that plaintiff had the residual functional capacity, upon examination, to lift 30 pounds, walk ½ mile, stand 20–30 minutes and sit 30–45 minutes. The doctor also gave it as his opinion that plaintiff should be "rehabilitated" in a "less hazardous" line of employment but specified none that he may have had in mind.

But even if he had, the administrative law judge may not establish a "specific vocational ability solely through medical evidence." *Taylor v. Weinberger, supra,* 512 F.2d at 667. The conclusions of a physician are only probative with respect to a claimant's physical condition. This is a matter on which he may offer his expert opinion. A physician, however, is not competent to translate a claimant's residual functional capacity into a finding of employability. *Orzel v. Finch,* 445 F.2d 150, 154 (7 Cir. 1971). See *Taylor v. Weinberger, supra,* 512 F.2d at 666–67.

The denial of plaintiff's claim in the face of unanimous medical opinion that plaintiff was precluded from returning to his former occupation cannot withstand scrutiny on review. The administrative law judge, a neutral officer, may not take it upon himself to supply evidence the Secretary has failed to produce. Plaintiff having met his initial burden, testimony of a vocational expert was essential on the issue of plaintiff's ability to engage in substantial gainful employment in light of his medical impairment and residual functional capacity. The defendant's motion for summary judgment is accordingly denied. In view of the state of the record, the matter is remanded to the Secretary to afford an opportunity to adduce evidence to overcome plaintiff's *prima facie* showing of eligibility for disability benefits under the Act.

SO ORDERED.