Daisy N. WIGINTON, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION and WELFARE of the United
States of America, Defendant.

No. 78–C–503.

United States District Court,
E. D. Wisconsin.

May 11, 1979.

Baumgartner & Anderson by Kenneth R. Baumgartner, Kenosha, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for judicial review of a final decision of the defendant Secretary of the Department of Health, Education, and Welfare denying the plaintiff's application for the establishment of a period of disability under section 216(i) of the Social Security Act, 42 U.S.C. § 416(i), and for disability insurance benefits, as provided by Section 223 of the Act, 42 U.S.C. § 423.

The plaintiff filed an application for a period of disability and for disability insurance benefits on August 30, 1977, alleging that she became unable to work on August 21, 1976. The application was denied by the Bureau of Disability of the Social Security Administration, after a Wisconsin state agency had found that the plaintiff was not under a disability.

Subsequently, an administrative law judge (ALJ) considered the case de novo, and on May 9, 1978, found that the plaintiff was not under a disability. The administrative law judge's decision became the final decision of the defendant Secretary when the appeals council approved the ALJ's decision on June 30, 1978.

This case is presently before me on cross motions for summary judgment. For the reasons which follow, neither motion will be granted and the case will be remanded to the Secretary for the taking of further evidence.

The plaintiff, Daisy N. Wiginton, is a forty-five year old woman. She completed the twelfth grade in school and completed a teletype operators' course while in the Air Force from 1952 to 1954. Subsequent to her discharge from the military, the plaintiff had a steady work record up to the point of her alleged disability in 1976. From 1959 through 1971 she worked for an electronics firm doing soldering, repair work and packing. She then worked for about one year as a shipping clerk. Finally, from February, 1973, to August, 1976, she soldered electrical keyboards for a company in Waukegan, Illinois.

Since May, 1975, to the present time, the plaintiff has been hospitalized on at least a half dozen different occasions. The two most recent periods of hospitalization occurred after the ALJ rendered his opinion. In June, 1978, the plaintiff was hospitalized for a week. As was the case when she was previously hospitalized, her attending physician's diagnosis indicated the following problems: recurrent peptic ulcer, degenerative osteoarthritis, and chronic bronchitis. In addition, her doctor found the plaintiff to be suffering from acute gastroenteritis.

The plaintiff was again hospitalized from December 18, 1978, to January 16, 1979. Her hospital records indicate a final diagnosis of active duodenal ulcer, carpel tunnel syndrome, mositis rheumatica, cystitis, chronic obstructive lung disease and acute proctitis with pruritis ani.

In order to qualify for a period of disability and for disability benefits pursuant to sections 216(i) and 223 of the Social Security Act, a claimant must show an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which could be expected to last for a continuous period of not less than twelve months. *Workman v. Celebrezze*, 360 F.2d 877 (7th Cir. 1966). An individual is determined to be under a disability "only if his physical or mental impairment or impairments are of such sev-

erity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Findings of fact made by the Secretary are conclusive, if supported by substantial evidence. 42 U.S.C. § 405(g).

■ 42 U.S.C. § 405(g) also provides that a district court reviewing the decision of the Secretary of Health, Education and Welfare "may, at any time, on good cause shown, order additional evidence to be taken before the Secretary . . . ." For several interrelated reasons, I believe that this action should be remanded for the taking of additional evidence.

The record in this case shows that the plaintiff is unable at this time to return to her last previous work, that of soldering electrical keyboards. She left that work in part because her respiratory condition made it impossible for her to work with the attendant fumes. The records in this case indicate that the plaintiff continues to suffer from chronic emphysema. That the plaintiff is unable to return to her previous work is supported by the ALJ's statement "the claimant retains the functional capacity to perform sedentary work *in which she would not be subjected to industrial dusts or gases.*"

■ Since the record leads to the conclusion that the claimant is unable to perform the kind of work in which she had previously engaged, the burden shifts to the defendant Secretary to prove that there is available some other kind of " 'substantial, gainful employment' which the claimant would be able to perform." *Smith v. Secretary of Health Education and Welfare*, 587 F.2d 857, 861 (7th Cir. 1978); *Stark v. Weinberger*, 497 F.2d 1092 (7th Cir. 1974).

In the instant case, the Secretary has not come forward with any evidence directly related to the question of whether, given the plaintiff's age, education, work experience, and condition there are jobs which the plaintiff is able to perform. The ALJ sim-

ply on the basis of the medical records in this case and on his own observation of the plaintiff, concluded that Mrs. Wiginton retains the functional capacity to perform sedentary work such as that done by a motel or hotel desk clerk.

The medical records in this case do not provide substantial evidence for the ALJ's conclusion since they express no conclusion as to the plaintiff's employability and "are totally useless as evidence of the existence of employment positions in the economy that appellant could fill." *Lewis v. Weinberger*, 515 F.2d 584, 587 (5th Cir. 1975). Mrs. Wiginton's testimony, which was elicited without the assistance of counsel, also contains no evidence regarding the existence of positions which she might be able to fill.

■ Where the plaintiff meets the burden of showing that she is disabled to the extent that she cannot return to her previous employment, courts have consistently required that direct evidence regarding the claimant's employability be introduced. In *Kenny v. Weinberger*, 417 F.Supp. 393, 399 (E.D.N.Y.1976), the court stated:

"The administrative law judge, a neutral officer, may not take it upon himself to supply evidence the Secretary has failed to produce. Plaintiff having met his initial burden, testimony of a vocational expert was essential on the issue of plaintiff's ability to engage in substantial gainful employment in light of his medical impairment and residual functional capacity."

In a similar vein, the court in *Garrett v. Richardson*, 471 F.2d 598, 603–04 (8th Cir. 1972), stated:

"No expert in vocational training was ever called to testify in this case, nor was any report submitted, nor was any testimony elicited concerning what type of 'light or moderate work' appellant could perform with *his* education, *his* age and *his* work experience that would be commensurate with substantial gainful activity. In such circumstances, it cannot be said that a finding of no disability is supported by substantial evidence. While

238

the burden is upon the claimant to establish his disability, once medical reports have been introduced substantiating a medical impairment, and the plaintiff having testified that he is unable to work, it would be beyond the realm of reason to further require a claimant, who is not represented by an attorney, who is sixty years of age with a third-grade education, and who if not financially distraught, would not be asserting a claim for benefits in the first place, to produce a vocational counselor to testify that there are no jobs in the national economy which he can perform. The burden of producing such a person must rest with the hearing examiner and in the absence of substantial evidence from other sources bearing directly on the issue of 'substantial gainful activity,' the testimony of a vocational counselor is essential for the affirmance of an examiner's findings."

An additional factor supports my conclusion that this action should be remanded to the Secretary for the taking of further evidence. Subsequent to the ALJ's decision, the plaintiff was hospitalized twice for periods of eight and twenty-nine days. These periods of hospitalization and the records generated during them are germane to the issue of what residual capacity the plaintiff might be able to bring to future employment. Where new evidence becomes available after administrative denial of a plaintiff's claim and it appears that such evidence "bears directly and substantially on the matter in dispute," it is appropriate to remand the case to the secretary for consideration of the additional evidence. *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975).

Thus, this action will be remanded to the Secretary for the taking of more current evidence as to her medical condition and also to determine whether there is available some kind of substantial gainful employment which Mrs. Wiginton would be able to perform.

Therefore, IT IS ORDERED that the cross motions of the parties for summary judgment be and hereby are denied.

IT IS ALSO ORDERED that this action be remanded to the Secretary of Health, Education and Welfare for the taking of further evidence pursuant to 42 U.S.C. § 405(g).