**Andrew VALENTI, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV 83–1823.**

United States District Court, E.D. New York.

Nov. 19, 1984.

Binder & Binder, Hauppauge, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D. New York, Reuben Koolyk, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

*Memorandum of Decision and Order*
MISHLER, District Judge.

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of a final determination of the Secretary of Health and Human Services (the "Secretary"), denying plaintiff Social Se-curity disability insurance benefits. Plaintiff applied for disability benefits on October 27, 1981. This application was denied initially and again on reconsideration. Plaintiff requested a hearing which was held on May 27, 1982.

The Administrative Law Judge ("ALJ") considered the case *de novo* and on July 7, 1982 found that the plaintiff was not disabled. The ALJ's decision became final on March 14, 1983 when the Appeals Council affirmed it. Both parties now move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

FACTS

Plaintiff was born on June 30, 1933 and has a 10th grade education. He has worked primarily as a truck loader and driver. Plaintiff alleges that he has been disabled since May 29, 1981 due to a lumbosacral sprain, a possible right wrist fracture, and a sprained left ankle with disabling pain. (Tr. p. 45).

Plaintiff was injured on May 29, 1981 while loading his truck. He tripped on a hole in the floor and fell backwards breaking his fall with his left hand. (Tr. p. 32). The next day he went to the emergency room of John T. Mather Memorial Hospital which diagnosed his condition as a lumbosacral contusion and wrist sprain. (Tr. p. 83–85).

Dr. James W.G. Murray, an orthopedic surgeon and plaintiff's treating physician, treated plaintiff from June 1, 1981 to April 20, 1982. (Tr. p. 103). On June 1, 1981, Dr. Murray reviewed the X-rays from Mather Memorial Hospital. He then X-rayed plaintiff's left ankle. On June 1, 1981 he diagnosed plaintiff's condition as back pain due to a severe lumbosacral sprain, swelling due to a torn left ankle ligament, and a limitation of flexion in the right wrist with pain and tenderness. (Tr. p. 103). He prescribed wrist and back braces. (Tr. p. 103–104). Dr. Murray referred plaintiff to Dr. Lawrence Hurst, a hand surgeon, for a consultation. Dr. Hurst saw plaintiff on March 1, 1982 and again on March 8, 1982. (Tr. p. 104). He took addi-

tional X-rays of plaintiff's wrist. *Id.* The X-rays indicated a severe ligamentous injury with evidence of arthritis. *Id.* The doctor recommended wrist fusion surgery, but recommended it be deferred due to plaintiff's excessive weight and hypertension. *Id.* Dr. Murray, plaintiff's treating physician, also referred plaintiff to Dr. Wani, a neurologist, who examined plaintiff on March 26, 1982. (Tr. p. 104). Dr. Wani confirmed Dr. Murray's diagnosis of claimant's back problem. *Id.* Dr. Murray saw plaintiff again on June 11, July 28, September 28 and October 26, 1981. *Id.* His report was prepared on April 20, 1982. He maintained that plaintiff would not be able to drive or load a truck and that he was "completely disabled at that time." (Tr. p. 104–105).

Dr. Rodolpho Cane, a Social Security consulting physician, examined plaintiff on November 24, 1981. (Tr. p. 95). This report essentially concurred with Dr. Murray's diagnosis (i.e., a possible right wrist fracture, a lumbosacral sprain, and a sprained left ankle) except that he expressed no opinion as to whether plaintiff was disabled. (Tr. p. 96).

The plaintiff's residual functional capacity evaluation was completed by Dr. Prusdorf, a Social Security reviewing physician. (Tr. p. 98). It indicated that plaintiff could walk, sit and stand for 3–6 hours, lift, push and pull 10–20 pounds and use his hands for fine and gross manipulations. *Id.* At the hearing held on May 27, 1982, plaintiff testified that he could sit for up to 20 minutes after which his back became stiff and sore. (Tr. p. 35). He indicated that although his ankle hurt while he stood, he only experienced slight pain when sitting. (Tr. p. 36). He also testified that his wrist hurt when he moved it and that, as a result, he had a weakened grip. (Tr. p. 37).

The ALJ concluded that plaintiff had sustained his burden of proving his inability to return to his previous work as a truck driver and loader. Nevertheless, the ALJ

held that plaintiff was not disabled under the Social Security Act because he was still capable of performing sedentary work.[1] (Tr. p. 15). However, the ALJ did not specify, with any particularity, the jobs which plaintiff could allegedly perform. The ALJ did take administrative notice of the existence of sedentary work in the national economy, but did not indicate the basis for such notice. In addition, the ALJ relied on the medical vocational guidelines (the "Grid") without the testimony of a vocational expert.

DISCUSSION

The issue in this case is whether the Secretary sustained her burden of proving that other work existed in the national economy which plaintiff could perform.

■ "A person is 'disabled' within the meaning of the [Social Security] Act ... if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than 12 months ...' 42 U.S.C. § 423(d)(1)(A)." *Carroll v. Secretary of H.H.S.,* 705 F.2d 638, 641–42 (2d Cir.1983). The burden of proof is initially on plaintiff to show that he is unable to return to his previous work. *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir.1982) (per curiam); *Aubeuf v. Schweiker,* 649 F.2d 107, 112 (2d Cir.1981); *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.1981). Once the plaintiff proves his inability to return to his previous work, the burden then shifts to the Secretary to show that there is other work existing in the national economy which plaintiff could actually perform in light of his age, education and work experience. *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983); *Carroll, supra,* at 642; *Aubeuf, supra,* at 112; *Parker, supra,* at 234.

■ On appeal the function of the court is to examine the record as a whole to

---

**1.** Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." It also involves sitting and some walking and standing. 20 C.F.R. § 404.1567(a).

determine whether the Secretary's conclusions are supported by substantial evidence and if they are supported by substantial evidence and if they are supported by such evidence, they are conclusive. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Parker, supra.* Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson, supra,* at 401, 91 S.Ct. at 1427.

The court finds that the Secretary's decision is not supported by substantial evidence.

The Secretary erred when he summarily took administrative notice that sedentary work existed in the national economy. While administrative notice may be appropriate in certain cases, *see McLamore v. Weinberger*, 538 F.2d 572, 575 (4th Cir.1976), it may be rejected in two situations: first, if the ALJ does not provide a job description which clarifies the nature and requirements of such jobs, *Decker v. Harris*, 647 F.2d 291 (2d Cir.1981); *Bastien v. Califano*, 572 F.2d 908, 912–13 (2d Cir. 1978), and second, if the ALJ does not show that claimant was actually able to perform such jobs. *Parker, supra,* at 234. The purposes for rejecting administrative notice in these two situations is to insure "procedural fairness to claimant and [to preserve] an adequate record for review." *Decker, supra,* at 298.

In the present case, the ALJ merely took administrative notice that sedentary jobs existed in the national economy. He did not provide plaintiff with either a job description or proof that plaintiff was able to perform such work. The ALJ's actions, therefore, did not comport with procedural fairness because the plaintiff was not afforded an adequate opportunity to challenge the suitability or availability of the jobs of which the ALJ had taken administrative notice. *Decker, supra,* at 298. The ALJ also erred by not indicating the basis for the administrative notice as is required by the Social Security regulations. *See* 20 C.F.R. § 404.1566(b).

Furthermore, a vocational expert should have been called to testify as to plaintiff's ability to perform such work. *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir.1981); *Kenny v. Weinberger*, 417 F.Supp. 393, 399 (E.D.N.Y.1976). The ALJ's reliance on the Grid in Appendix 2, 20 C.F.R. Subpart P, Table No. 1, without vocational expert testimony is erroneous. *Id.* While the guidelines by themselves may be useful and controlling in *clear* cases, generally a vocational expert is needed. *Id.; but see Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (the Grid may be relied on without vocational expert testimony in *appropriate* cases) (emphasis added). A vocational expert's testimony is unnecessary when a claimant can, for example, perform *any type* of sedentary work. *Ferguson, supra,* at 248 (emphasis in original). However, when the claimant can perform only limited types of sedentary work, then a vocational expert must be called to testify. *Id.* In the present case, plaintiff's condition, as diagnosed by both the treating and consulting physicians, indicates a limited ability to perform sedentary work. Thus, a vocational expert should have been called to testify at the hearing.

In view of the aforementioned omissions in the record, the court finds that the ALJ's decision is not supported by the necessary factual findings. Therefore, the decision of the Secretary is vacated and the case is remanded to the Secretary with directions to have the ALJ make the appropriate factual findings.

SO ORDERED.