**Elton J. BREAUX, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 27719.**

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1970.

William N. Knight, Hershel Knight, Jennings, La., for plaintiff-appellant.

Edward L. Shaheen, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant-appellee.

Before GEWIN, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant, Elton J. Breaux commenced this action in the United States District Court for the Western District of Louisiana to obtain judicial review of a determination by the Secretary of H.E.W. that he is not entitled under the Social Security Act either to a period of disability or disability insurance benefits. The district court affirmed the Secretary's decision and Breaux here contends that the court erred in finding that the Secretary's determination was based on substantial evidence. We affirm.

Under § 205(g) of the Social Security Act, the Secretary's finding of facts is conclusive if supported by "substantial evidence."[1] This term is defined by the Supreme Court in NLRB v. Columbian Enameling and Stamping Company, as follows:

Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Consolidated Edison Co. v. National Labor Relations Board, supra [305 U.S. 197, 229], 59 S.Ct. [206] 217 [83 L.Ed. 126], and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be

1. 42 U.S.C.A. § 405(g) (1964).

drawn from it is one of fact for the jury. [citations omitted] [2]

■ In the instant case, the evidence relating to Breaux's physical condition consists of medical records and testimony by Dr. Norman P. Morin, an orthopedic surgeon. Breaux contends that the records are hearsay, that the doctor's testimony is hearsay upon hearsay since he had not examined appellant, and that, according to the principle announced in Cohen v. Perales,[3] uncorroborated hearsay evidence can not be considered "substantial evidence." While the original decision in *Cohen* may have provided some support, even though slight, for the principle relied on by appellant, this court's opinion on petition for rehearing clearly undermines such an inference:

> Our opinion holds, and we reaffirm, that mere uncorroborated hearsay evidence as to the physical condition of a claimant, standing alone and without more, in a social security disability case tried before a hearing examiner, as in our case, is not substantial evidence that will support a decision of the examiner adverse to the claimant, if the claimant objects to the hearsay evidence, and if the hearsay evidence is directly contradicted by the testimony of live medical witnesses and by the claimant who testifies in person before the examiner, as was done in the case at bar. This is especially true if the claimant requests that the absent medical witnesses of the HEW who authored the hearsay evidence, be subpoenaed to testify at the hearing and the examiner fails or refuses to summon them.

When these conditions are not present, there is nothing to prevent an examiner from basing his decision, which is adverse to the claimant, on hearsay medical evidence, if such evidence has sufficient probative force to support his decision.[4]

Moreover, *Cohen* is distinguishable from the case presently before us in that no physician testified in behalf of Breaux, and appellant did not request that absent medical witnesses be subpoenaed. Indeed, other than his own testimony, appellant must also rely upon hearsay evidence to prove his disability. In the circumstances, we are of the opinion that the Secretary's conclusion was supported by substantial evidence.

■ Appellant also contends that the Secretary's finding that he is able to engage in substantial gainful work is not supported by substantial evidence. There is clearly evidence that appellant has suffered only a 20% disability and is quite capable of engaging in light work such as janitor in a school or bank, watchman, or the delivery of light objects. Breaux insists that it was necessary for the Secretary to have a vocational expert testify that light work existed in the national economy.[5] We think it was quite proper for the Secretary to take administrative notice of this fact.[6] If the nature of Breaux's disability limited the scope of light work which he could perform, his argument would be much more persuasive. However, he is perfectly capable of engaging in an infinite variety of jobs which can be classified as light work and it was not necessary for the Secretary to pro-

---

**2.** 306 U.S. 292, 299–300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939). *See also,* Universal Camera Corp. v. NLRB, 340 U.S. 474, 487–488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

**3.** 412 F.2d 44 (5th Cir. 1969).

**4.** Cohen v. Perales, 416 F.2d 1250, 5th Cir. 1969 [October 10, 1969].

**5.** It is important to note that Breaux's claim was pending before the Secretary on January 2, 1968, and therefore, the amendments to sections 216(i) and 223 of the Social Security Act are applicable to this claim. Pub.L.No. 90–248, Sec. 158(e), 81 Stat. 821. *See,* Martin v. Finch, 415 F.2d 793, 5th Cir. 1969 [Sept. 2, 1969].

**6.** *See,* K. Davis, 2 Administrative Law Treatise, § 16.11 (1958).

duce evidence of the obvious fact that light work exists in the national economy.

The decision of the district court is affirmed.