**Howard FRUGE, Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 80–3476**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Unit A

Dec. 4, 1980.

John H. Pucheu, Eunice, La., for plaintiff–appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Howard Fruge appeals a denial of social security benefits. We reverse and remand.

Appellant injured his left knee in June 1976 while working on a boat in the Gulf of Mexico. In July 1976 he was twice hospitalized. During the second confinement Dr. Lionel Mayer, an orthopedic surgeon, removed the medial meniscus from his left knee. It was also determined that the anterior cruciate ligament was stretched. Fruge recovered satisfactorily but due to the weakened condition of his knee, he is now unable to climb, stoop, squat and recover, bend, or stand for extended periods.

Fruge applied for disability benefits and, ultimately, had a hearing before an Administrative Law Judge (ALJ). The evidence presented before the ALJ consisted of the testimony of Fruge, his wife, and a co–worker, letter reports from doctors, and copies of undated prescriptions for an antidepressant and a pain killer. The ALJ concluded that Fruge was not entitled to disability benefits. The Appeals Council affirmed the ALJ and the denial of benefits became the final decision of the Secretary. Fruge sought judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The district court granted a motion for summary judgment upholding the action of the Secretary. This appeal followed.

Fruge is now 61 years of age, has a seventh grade education, and the entirety of his work–life experience has been as a manual laborer. He has worked primarily on a farm and as a roughneck and motorman in the oilfields. Although occasionally performing simple maintenance on machinery, Fruge is trained for no meaningful work other than manual labor. His lack of education, communicative skills and knowledge of any craft sharply restricts his availability in the labor marketplace. His lot is that of a manual laborer, work of pride and dignity, but work which is generally physically demanding.

*The Standard of Review*

This case involves a limited scope of review. The controlling law is clear; the Secretary's findings are to be upheld if supported by substantial evidence. *White v. Harris*, 605 F.2d 867 (5th Cir. 1979); *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). "Substantial evidence" is more than a scintilla and is less than overwhelming, but it is at least sufficient relevant evidence as a reasonable mind may accept as adequate to support a conclusion. *Young v. Califano*, 581 F.2d 549 (5th Cir. 1978).

Fruge's application for disability insurance benefits is based on the definitions of "disability" contained in 42 U.S.C. §§ 416(i)(1) and 423(d)(1)(A) which, as they pertain to this case, are identical:

The term "disability" means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

## Burden of Proof

A claimant for social security benefits has the burden of proving his disability. He must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work but, given his age, education, and work experience, prevents him from engaging in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. *Rhynes v. Califano*, 586 F.2d 388, 389–90 (5th Cir. 1978). The claimant initially must establish that he can no longer perform his previous work. Once this is shown, the burden shifts to the Secretary to establish that there is other substantial gainful employment activity in the economy which the claimant can perform. If the Secretary points to possible alternative employment, the burden of persuasion then returns to the claimant to prove his inability to perform those jobs.[1] *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980).

■ In the instant case the operating surgeon expressed the opinion that Fruge is totally disabled in these words:

> The above named individual is under my care. It is my opinion that he is totally disabled for the performance of any type of gainful employment.
>
> He is unable to stoop, squat, bend or stand for prolonged periods of time.

Unless there is good cause shown to the contrary, the testimony of the treating physician must be accorded substantial weight.

The Social Security Administration caused an examination to be made by a physician who reported, in pertinent part:

> He would not be able to return to strenuous physical labor on a sustained basis at present time because of the present

weakness he has, however, if he removes his knee cage and strengthens the muscles in his extremity then he could even return to his previous employment. He would be able to perform a light type duty at present time.

Fruge testified that, since the accident, he spends his time walking around his house and yard and watching television, and that if he gets up and down often or walks around for any length of time his knee begins to hurt. He further testified that he cannot do the work required of an oilfield worker, nor would he be able to do even light work, such as that required of a night watchman or taxi driver, because of his inability to sit or stand for extended periods of time.

Mrs. Fruge testified about her husband's prior work history and his activities and condition since his injury and operation. She also spoke to his limited mastery of reading and writing skills. The co-worker spoke of Fruge's work history and work attitude prior to the injury as that of a good employee who enjoyed his job.

Fruge complains of difficulty, primarily with the injured knee and his back. He also experiences pain and weakness. According to his family physician, there is evidence of emotional problems, associated with depression, "probably secondary to his disability". He takes medication for arthritic pain and "for his nerves."

■ The ALJ found that Fruge's problem would prevent work requiring prolonged bending, stooping, standing or squatting, thereby precluding a return to the manual labor in the oilfield which he had been performing. This finding shifts the burden of persuasion to the Secretary to present evidence that there was less strenuous employment available which Fruge could perform, considering his physical and

---

1. It has been suggested that the claimant's burden of proof was altered by our decision in *Flowers v. Harris*, 616 F.2d 776 (5th Cir. 1980), which may be said to require proof of disability to engage in *any* substantial gainful activity before the burden of proof will shift to the Secretary. That articulation is appropriate within the factual context of *Flowers* because the claimant there did present evidence of her inability to engage in any gainful occupation. In a typical case, however, when the claimant proves inability to return to former employment, the burden of showing that there is other substantial gainful activity available which the claimant can perform rests with the Secretary.

mental condition, age, education, work experience and training. We conclude that this burden was not met.

There is not substantial evidence in the record to sustain a finding of the existence of light work which Fruge could perform. There is the medical testimony of Dr. Webre, quoted in part above, which indicates that Fruge could perform light duties. There is no testimony by a vocational expert, or other qualified person, as to what kind of light work does not involve bending, stooping, standing or squatting and which is within the field of competence of Fruge. The ALJ stated that Fruge could do light janitorial or delivery work or work in a self–service gas station. This statement apparently is based, at least in part, on the ALJ's conclusion that Fruge could drive without problems. The only evidence in the record on Fruge's ability to drive is his testimony that he would not be able to drive a taxi because he could not sit long enough. The ALJ noted this in his summary of the medical testimony wherein he said, "Claimant can drive an automobile with difficulty."

The conclusion by the ALJ that Fruge could do light work must necessarily be based on certain assumptions. It is permissible for an ALJ to take administrative notice of the fact that certain jobs are light and sedentary in nature and exist in the national economy. Because these facts may be controverted, however, the claimant must be aware of the "administrative noticing" and be given an opportunity to controvert the facts noticed. *White v. Harris*, 605 F.2d 867 (5th Cir. 1979). No mention of the ALJ's administrative noticing of any fact appears in the record. In the absence of such notice, properly given, proof of the existence and availability of "substantial gainful activity" in which Fruge is capable of engaging, could not be by administrative noticing. Actual evidence of these facts was required.

We find the ALJ's decision, approved and adopted by the Secretary, unsupported by substantial evidence. The present state of the record with regard to Fruge's employment capabilities and opportunities makes it impossible for us to rule definitively one way or the other. Therefore, we reverse the district court's grant of a summary judgment and remand in order that the case may be returned to the Social Security Administration for further hearings before an ALJ. 42 U.S.C. § 405(g); *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980).

REVERSED and REMANDED.