762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PRESTON STACY, PLAINTIFF-APPELLANT,
v.
SECRETARY, HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5284
 United States Court of Appeals, Sixth Circuit.
 3/28/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and NEWBLATT*, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Preston Stacy (Stacy) appeals from the judgment of the district court which affirmed the final decision of the Secretary denying Stacy's claim for disability benefits. Stacy, a chronic alcoholic who has been drinking heavily for at least 21 years, alleged disability due primarily to alcoholism.
 
 
 2
 Alcoholism, either alone or combined with other causes, can constitute a disability if it prevents a claimant from engaging in substantial gainful activity. Ferguson v. Schweiker, 641 F.2d 243, 248 n. 7 (5th Cir. 1981) appeal after remand, 750 F.2d 503 (5th Cir. 1985); 20 C.F.R. Sec. 416.935(a). An alcoholic's claim of disability turns on whether the claimant, as a result of his addiction to alcohol, has lost the voluntary ability to control its use. Ferguson v. Schweiker, 641 F.2d 243, 248-49 (5th Cir. 1981) appeal after remand, 750 F.2d 503 (5th Cir. 1985); Cannon v. Harris, 651 F.2d 513, 519 (7th Cir. 1981); Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982) cert. denied, 459 U.S. 1212 (1985); McShea v. Schweiker, 700 F.2d 117, 119 (3d Cir. 1983); Adams v. Weinberger, 548 F.2d 239, 244 (8th Cir. 1977). See also Trout v. Heckler, 735 F.2d 965 (6th Cir. 1984) (court unable to determine impact of claimant's alcoholism where record does not indicate 'whether alcoholism is or is not subject to voluntary control by claimant').
 
 
 3
 The a.l.j. found that Stacy had participated in 'sophisticated treatment-detoxing centers 14 times in the last 2-3 years' and had attended meeting of Alcoholics Anonymous. He concluded, however, that the fact that Stacy has gone 'three months now without being arrested, recommitted or getting into a condition of having to be detoxed, does not indicate that degree of lack of control that evidences inability to keep himself from being totally unable to avoid drinking to a disabling degree.' The a.l.j. determined that Stacy retains the capacity to perform his past relevant work 'so long as he avoids drinking to access' and, accordingly, denied benefits.
 
 
 4
 On appeal, Stacy asserted that the Secretary's finding that Stacy has not lost the ability to control his use of alcohol is unsupported by substantial evidence. This court finds, however, that the decision of the Secretary is supported by substantial evidence. Accordingly, the decision of the district court is hereby AFFIRMED.
 
 
 5
 Newblatt, Judge, dissenting.
 
 
 6
 I must respectfully dissent in this sad case. The Administrative Law Judge found plaintiff's testimony to be credible and consistent with medical documentation. He further found that plaintiff's impairments were 'episodically severe' and 'significantly limit[ed] his ability to perform basic work-related function.' However, the impairments never lasted for a continuous period of twelve months. The ALJ concluded that plaintiff's failure to continue to seek assistance, his going for three months now without being arrested, recommitted or getting into a condition of having to be detoxed, does not indicate that degree of lack of control that evidences inability to keep himself from being totally unable to avoid drinking to a disabling degree.
 
 
 7
 In the ALJ's summary of the medical testimony he made no reference to the extensive patient notes kept by the Comprehensive Care Center during plaintiff's frequent therapy appointments. Those notes describe plaintiff as defensive, unable to accept responsibility, and in need of reality confrontation.
 
 
 8
 There is simply nothing on the record to support the ALJ's conclusion that plaintiff has not lost the ability to control his use of alcohol. The fact that plaintiff was sober for 68 days 20 months prior to the hearing was irrelevant to plaintiff's (then) present condition. The notes of the Comprehensive Care Center indicate that plaintiff has difficulty accepting reality.
 
 
 9
 Judging plaintiff's testimony as credible, the reason he has stayed out of jail and detox is that he has stayed at home more, not that his drinking has subsided, as the ALJ apparently assumes. The fact that he has not voluntarily committed himself for detoxification treatment is in keeping with the avoidance mechanism in his personality.
 
 
 10
 There is nothing in the record to suggest that plaintiff's impairment sprang up overnight and has not lasted or would not last for a continuous period of twelve months. Plaintiff testified that he had been drinking for 28 years. Although he had worked as recently as November of 1979, he had not worked steadily since 1976.
 
 
 11
 Finally, the ALJ's ruling that because plaintiff has not sought treatment he cannot be found disabled is incorrect. First of all, plaintiff has, albeit sporadically, sought treatment. Secondly, there is no evidence that plaintiff has been prescribed treatment which he intentionally refused to undergo. Last of all, the fact that plaintiff was not undergoing treatment at the time of the hearing does not necessitate a finding of not disabled. 20 CFR Sec. 416.936 requires only that an alcoholic undergo treatment after he has been determined to be disabled.
 
 
 12
 The Secretary should be reversed and this case remanded for award of benefits.