Charles T. SMITH, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–2610A.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 29, 1987.

**640**

Shelly Davidson, Westmoreland, Patterson & Moseley, Macon, Ga., for plaintiff.

Robert L. Barr, Jr., U.S. Atty., Amy Levin, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff Charles T. Smith ("Smith") appeals the termination of his Social Security disability benefits. The general issue presented is whether the Appeals Council properly reversed the Administrative Law Judge's ("ALJ") finding of disability. For the reasons stated below, the Court will reverse the Appeals Council's ruling.

*Background*

This case has a long and tortured history, which the Court need not here relate. It is sufficient to state that, after an extended administrative hearing process, the case was filed on November 29, 1983. The relevant facts are as follows.

Smith, who is functionally illiterate, was born on March 4, 1947, and was thirty-six years old when his disability benefits were terminated. He had received benefits from October 1971 to April 1982, on account of a severe injury he sustained as a housepainter and the resultant amputation of his left leg. When his benefits were terminated, Smith filed a timely appeal, which the ALJ heard on March 30, 1983. The ALJ concluded that Smith's physical condition prevented him from performing his former work, but that he was still physically able to perform sedentary jobs that existed in sufficient number in the economy. Nonetheless, the ALJ concluded, Smith's alcoholism and personality problems prevented him from performing sedentary work. The ALJ, who was influenced in large measure by his positive assessment of Smith's credibility and by a vocational expert's testimony [1], summarized his conclusion as follows:

It is the decision of the Administrative Law Judge that the claimant continues to be under a disability as defined in Section 223(d) of the Social Security Act; that his alcoholism is a contributing factor to such disability; and, that his entitlement to a period of disability and disability insurance benefits under the provisions

---

**1.** Specifically, the ALJ stated

The vocational expert cited [Smith's] documented feelings of inadequacy about his ability to perform work and his inability to control [his] drinking as problems [that] would prevent [him] from engaging in the simplest, unskilled, sedentary ... jobs. The Administrative Law Judge finds that the as-sessment of the vocational expert is documented by the medical evidence and that the claimant's testimony ... [is] credible and corroborated by the reports of Drs. Bach and Schlicht as well as summaries from the Georgia Mental Health Institute as required by Section 404.1529.
Record at 17.

of Section 216(i) and 223, respectively, has continued through the date of this decision.

In light of the fact that the claimant's alcoholism is a contributing factor to his disability, the Administrative Law Judge has notified the claimant and his attorney of the extreme importance of continued treatment for this condition and the possible ramifications if such treatment is discontinued. The Administrative Law Judge further recommends that this case be re-evaluated in six months.

Record at 19. The ALJ's conclusion was, in the Court's view, correct, humane, and sensible.

The Appeals Council took a different view. On October 18, 1983, the Council issued its final decision finding that Smith's disability ceased in April 1982. Although the Council agreed that Smith's physical condition limited him to sedentary work, it disagreed with the ALJ's conclusion that alcoholism and a personality disorder rendered Smith disabled, and thus stated the following:

> The administrative law judge further held that because of alcoholism and a personality disorder, the claimant was unable to engage in any substantial gainful activity. However, these diagnoses alone do not provide a basis for concluding that the disorders are severe and that they interfere with the performance of basic work activities. In this regard, the Appeals Council notes that psychological evaluations in May and September 1982 revealed no severe psychopathology. He was described as having some conflicts manifested by feelings of inadequacy, depression, evasiveness, and defensiveness, but he was also described as being able to cope. The absence of severity is further supported by the lack of positive findings on [a] mental status examination when the claimant was hospitalized in February 1983. The record also discloses that the claimant responded appropriately to the examiners of record, and that he can understand and follow directions, remain attentive to tasks, and deal with the stress of a work environment. The Appeals Council is aware that a mental health counselor stated the claimant's residual functional capacity was moderately impaired, but no abnormal medical signs or findings were provided to support this conclusion. Therefore, the Council is persuaded that the claimant's abuse of alcohol and personality problems do not further restrict his capacity to perform sedentary work.

Record at 9–10. With this background in place, the Court will turn to the merits.

*Discussion*

The Eleventh Circuit has recently clarified the standard for district court review of Social Security cases in which the Appeals Council, on its own motion, reverses an ALJ's decision. *Parker v. Bowen*, 788 F.2d 1512 (11th Cir.1986) (*en banc*); *see* 20 C.F.R. §§ 404.969, 404.970 (1985). In *Parker*, the court was faced with two potential standards for review. Some Circuits had held that, because the Appeals Council does not have unfettered discretion to reverse an ALJ's decision,[2] the district court must decide whether the Appeals Council had grounds for overturning the ALJ's ruling (e.g., lack of substantial supporting evidence), *e.g.*, *Newsom v. Secretary of Health & Human Services*, 753 F.2d 44 (6th Cir.1985); on the other hand, most Circuits had held that district court review is limited to the issue whether the Appeals Council's decision, viewed in itself, is supported by the record. *E.g.*, *Taylor v. Heckler*, 765 F.2d 872 (9th Cir.1985). The Eleventh Circuit opted for the latter standard and offered the following rationale:

> The Social Security Act provides that federal courts may only review the Secretary's 'final decision,' and that judicial review of the Secretary's findings of fact

---

**2.** The Appeals Council is empowered to reject an ALJ's decision if (1) the ALJ abused his discretion; (2) the ALJ erred as a matter of law; (3) the decision is not supported by substantial evidence; or (4) the case involves procedural or policy questions of broad relevance. 20 C.F.R. § 404.970(a) 1985.

is limited to determining whether these findings are supported by substantial evidence. 42 U.S.C. § 405(g). Pursuant to his rulemaking authority under 42 U.S.C. § 405(a), the Secretary has delegated the duty of making 'final decisions' to the Appeals Council. *See* 20 C.F.R. §§ 404.-900, 404.981, 416.1400, 416.1481 (1985). Since the statute provides that federal courts may only review the Secretary's 'final decision,' and since the Secretary has delegated his authority to make final decisions to the Appeals Council, federal courts must review the Appeals Council's decision to determine if it is supported by substantial evidence.

*Parker*, 788 F.2d at 1516–17 (footnotes omitted). *Parker* also holds that where, as here, the Appeals Court rejects an ALJ's credibility determination, it should ordinarily explicitly state the reasons it has done so.[3] *Parker*, 788 F.2d at 1520–22; *see also Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (per curiam). This requirement is necessary so that the district court may properly determine whether the Appeals Council's decision is properly supported.

In the instant case, there is no question that the ALJ's decision was supported by substantial evidence. Substantial evidence means " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). The question under *Parker* is whether the Appeals Council's decision satisfied this standard.

Plainly, Smith's physical condition allows him to perform only sedentary work. On this point, the Appeals Council and ALJ agreed. The critical difference in the two opinions was in the assessment of Smith's alcoholism. "It is well-settled that alcoholism, alone or combined with other causes, can constitute a disability if it prevents a claimant from engaging in substantial gainful activity." *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir.1981) (footnote omitted)[4]; *see also Lofton v. Schweiker*, 653 F.2d 215 (5th Cir.1981); *Johnson v. Harris*, 625 F.2d 311 (9th Cir. 1980); *Griffis v. Weinberger*, 509 F.2d 837 (9th Cir.1975). To claim disability benefits on account of alcoholism, the claimant must show that he is addicted to alcohol and that he lacks the ability to voluntarily refrain from drinking. *Ferguson*, 641 F.2d at 249. Of course, if an alcoholic has his addiction "under control," he cannot receive disability benefits for alcoholism. *See Swaim v. Califano*, 599 F.2d 1309 (4th Cir.1979).

Judged under the foregoing standards, the Appeals Council's decision cannot stand. As a preliminary matter, the Council's failure to make explicit findings as to credibility mandates a remand,[5] at the very least. In addition, the Council's decision is subject to remand because it places insufficient weight on the treating doctors' testimony. *E.g., Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir.1985). But the Court concludes that a remand would be pointless, for the record does not contain substantial evidence to support the Council's decision. In the portion of the Council's decision quoted above, *see supra* at 641–642, there is a discussion of a few

---

**3.** The *Parker* court contemplated that

There may well be contexts in which it would be unnecessary for the Appeals Council to expressly reject the ALJ's credibility findings and explain its conclusion. For example, the Appeals Council may reject a credibility finding ... where the credibility of the particular witness was unimportant to the decision. In such a case, the substantiality of the evidence to support the Appeals Council's decision would be little affected by whether or not the witness was credible.

788 F.2d at 1521 n. 11. The instant case does not qualify as an exception to the *Parker* credibility rule.

**4.** *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (decisions rendered by the former Fifth Circuit before October 1, 1981, are binding upon the courts of the Eleventh Circuit).

**5.** *See supra* at 641–642 (where the Court quotes Appeal Council's discussion of Smith's alcoholism).

isolated facts that cut against plaintiff's position. But, when weighed against the overwhelming evidence offered by plaintiff, the vocational expert, and the treating doctors, these facts do not allow a reasonable conclusion that Smith is not disabled.

 The Secretary also points to testimony not cited in the Council's decision, *viz.,* that, at the time of the hearing, Smith was undergoing treatment and taking a drug that prevented him from drinking. The Court finds this argument unavailing. The plain fact is that plaintiff had an obligation to undergo treatment. *E.g., Henry v. Gardner,* 381 F.2d 191 (6th Cir.1967). Thus, it would be a cruel hoax if pursuing treatment, in itself, barred Smith from recovering. Similarly, that a drug—Antabuse—had temporarily curbed Smith's drinking does not aid the Secretary's position. *Cf. Ferguson,* 641 F.2d at 249. The Secretary does not contend that Antabuse is a cure for alcoholism; indeed, if that were the case, the news would have spread far and wide by now. As the *Ferguson* court noted, even though an alcoholic is currently undergoing treatment or has done so in the past, he may not be cured:

> One of the more tragic aspects of alcoholism is that the hopes spawned by an apparently successful effort to 'dry out' may be dashed against the rocks of a whiskey glass.

641 F.2d at 249. Consequently, Smith's brief progress in treatment does not support the Council's finding.

*Conclusion*

This case demonstrates just how far wrong this system can go. Smith has faced an interminable battle to acquire benefits to which he was plainly entitled. Indeed, the appeal process might well have been nearly as debilitating as Smith's other problems. The Court should have resolved or the parties should have settled this matter long ago. The ALJ held that Smith was disabled and that his condition should be reviewed again in six months to see if his treatment proved successful. The ALJ was right. The Appeals Council was wrong.

Accordingly, the Secretary's decision is REVERSED. The Clerk is DIRECTED to enter judgment accordingly.