**William A.X. SMITH, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–2386.**

United States District Court, District of Columbia.

March 29, 1990.

Joseph Chodes, Bailey's Crossroads, Va., for plaintiff.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendant.

### MEMORANDUM DECISION AND ORDER

REVERCOMB, District Judge.

Plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act on October 8, 1987. The Secretary denied his claim at all administrative levels. This matter is before the Court pursuant to the Plaintiff's Motion for Reversal or Remand and the Defendant's Motion for Judgment of Affirmance. 42 U.S.C. §§ 405(g), 1383(c)(3).

### I. STATUTORY FRAMEWORK

The ALJ's May 15, 1989 decision is the final reviewable decision in this case. Plaintiff contends that the decision of the Secretary that Plaintiff is not disabled and accordingly not entitled to supplemental security income benefits is not supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Richardson v. Pe-*

---

*rales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (substantial evidence test).

The framework of the Social Security Act provisions and regulations promulgated thereunder is well-established in this circuit. *See, e.g., Simms v. Sullivan,* 877 F.2d 1047, 1049 (D.C.Cir.1989); *Smith v. Bowen,* 826 F.2d 1120, 1121–22 (D.C.Cir. 1987); *Brown v. Bowen,* 794 F.2d 703, 705 (D.C.Cir.1986).

The Social Security Act defines "disability" as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act further provides that an individual will be determined to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The claimant must establish that he was disabled prior to the expiration of his insured status. 42 U.S.C. § 423(a)(1)(A); *see also Bastian v. Schweiker,* 712 F.2d 1278, 1278–80 (8th Cir.1983); *Cowan v. Bowen,* 664 F.Supp. 587, 588 (D.D.C.1987).

The Secretary has established a five-step sequential analysis to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of proving: first, that he is not engaged in substantial gainful work, *see id.* at § 404.1520(b); second, that he has "severe" impairments, *i.e.,* ones that "significantly limit" his ability "to do basic work activities," *see id.* at § 404.1520(c); third, that he

has one of the impairments listed in Appendix 1, *see* 20 C.F.R., Part 404, Subpart P ("Listing of Impairments"), for the requisite duration, *see id.* at § 404.1520(d); and fourth, that his impairment prevents him from engaging in past relevant work, *see id.* at § 404.1520(e). If the claimant survives each of these steps, the Secretary has the burden of proving that given a claimant's age, education, work experience, and residual non-disability, he is still capable of doing work other than his past relevant work, *see id.* at § 404.1520(f); *see also Brown v. Bowen,* 794 F.2d at 706 (describing shifting burdens).

In determining whether a claimant for supplemental income is disabled the factors to consider include: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) the individual's age, education, and work history. *Cowan v. Bowen,* 664 F.Supp. at 588.

## II. RECORD REVIEW

The Plaintiff contends that the Secretary's decision is not supported by substantial evidence because the hypothetical questions that the ALJ posited to the vocational expert did not accurately describe the Plaintiff's physical impairments and because the Secretary erred in relying on Plaintiff's statements regarding his alcoholism as a basis for concluding that the condition was not disabling.

### A. ALJ's Hypothetical Question to the Vocational Expert

■ At the hearing the ALJ asked the vocational expert whether the Plaintiff could engage in work other than his past relevant work based on the following hypothetical limitations:

> Ability to engage into light to medium exertional activities. Left hand and fingers are limited to gross manipulation. And he has mild limits in his ability to relate to other people and a constriction of his interests. He has moderate limitations in restriction of daily activities, responding appropriately to supervision and responding to customary work pressures, okay?

The ALJ then qualified the hypothetical to physically limit the Plaintiff to only light

exertional activities. The vocational expert responded that with these limitations there was work other than Plaintiff's past relevant work that existed in significant numbers in the economy that Plaintiff could perform, including light custodial work as an office cleaner, light food service work such as a cafeteria aide, and bench or hand assembly such as collation.

The Plaintiff contends that the hypothetical did not adequately describe his physical condition to the vocational expert because it was incomplete with respect to Plaintiff's physical impairments where it omitted reference to his back problems. In the recent decision of *Simms v. Sullivan*, 877 F.2d 1047 (D.C.Cir.1989), the court held that "[s]hould the ALJ look to the opinion of a vocational expert in determining the claimant's ability to perform 'other work' than he had done before, the ALJ must accurately describe the claimant's physical impairments in any question posed to the expert." *See also Males v. Sullivan*, 726 F.Supp. 315 (D.D.C.1989).

The record shows in the instant case that Plaintiff has a history of back problems since 1977, requiring traction. The Plaintiff complained of low back pain at D.C. General Hospital in April 1987, and increase in low back pain, with radiation down the right leg, and that he had to walk with a cane the previous six months. The Plaintiff has to take hot baths for low back pain. In December 1987, he was in the D.C. General Hospital Emergency Room ambulating with a cane, and complaining of his back and left knee. In January, March, April, May and June, 1988, Plaintiff was an outpatient at D.C. General Hospital for problems with his lower back and right knee, for which medication was prescribed.

The ALJ did not apprise the vocational expert of the Plaintiff's back problems described above and Plaintiff contends that this omission violates the holding of *Simms*. However, the requirement of *Simms* is not that the ALJ recite all of the record evidence to the vocational expert but that the ALJ accurately describe the claimant's physical condition which is a finding of the ALJ. Record evidence of Plaintiff's back problems is not tantamount to the ALJ's finding of disabling limitations therefrom and only the latter is required to be posited in any hypotheticals to the vocational expert. Moreover, as a practical matter, a recitation of the claimant's various physical impairments is not going to be nearly as useful to the vocational expert as the ALJ's specific finding of what are the claimant's actual disabling limitations arising from the physical impairments. For example, simply telling a vocational expert that a claimant has a bad back simply begs the question, namely, to what extent is the claimant limited by this bad back? In the instant case the ALJ found that Plaintiff suffered from mild degenerative disc disease and was physically limited to light exertional activities [1] and that is in fact the limitation that the ALJ posited to the vocational expert in the hypothetical. Light work requires a good deal of standing and/or walking, occasional lifting of up to 20 pounds, and frequent lifting of up to ten pounds. 20 C.F.R. § 416.967(b). An orthopedic specialist who examined Plaintiff reported that Plaintiff had no orthopedic condition which would have seriously limited him. This expert opinion supports the Secretary's determination that Plaintiff could have performed light work, as he asked the vocational expert to assume.

### B. Alcoholism

■ The ALJ found that Plaintiff had a "history of alcohol abuse" but nonetheless

---

**1.** In Finding No. 2 the ALJ provided:

> The medical evidence establishes that the claimant has mild degenerative disc disease, a dysthymic disorder and history of alcohol abuse, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

In Finding No. 3 the ALJ provided:

> Claimant has the residual functional capacity to perform the physical exertion requirements of work *except for work exceeding the exertional requirements characteristic of light work activity* and work requiring more than mild limitations in relating to others, mild constriction of interest and moderate limitations in ability to relate to supervisors or deal with customary work pressures.

(Emphasis added.)

found that Plaintiff was not disabled. In *Ferguson v. Schweiker*, 641 F.2d 243 (5th Cir.1981), the Court held that "(i)t is well settled that alcoholism, alone or in combination with other causes, can constitute a disability if it prevents a claimant from engaging in substantial gainful activity." The Court further stated that "a finding that an individual is not disabled by alcoholism, cannot rest solely upon the testimony of the individual himself, since such testimony may be filled with the rationalization of a sick individual who does not realize the extent of his illness."

The Plaintiff contends that the ALJ erred in relying on Plaintiff's statements regarding his alcoholism as a basis for concluding that that condition was not disabling and that accordingly there is no substantial evidence to support the Secretary's finding of no disability. The Plaintiff cites to the following exchange at the hearing, where the ALJ was questioning the vocational expert, to demonstrate the ALJ's reliance on the Plaintiff's statements:

Q: Now, Dr. Decker [the vocational expert], as Mr. Smith has given as examples here of his, his drinking, he may drink to excess over—say up to five times a week, but from his own testimony has stated that from his drinking, even though it's to excess he can function in his normal way, and I presume his normal way would be normally when he's not drinking—

ALJ: Is that correct, Mr. Smith?

CLMT: Yes, sir

ALJ: Okay.

The Plaintiff contends that reliance on the Plaintiff's own statements is especially unwarranted where other evidence demonstrates the seriousness of his alcoholism. Social Worker Byrne, who evaluated Plaintiff's alcoholism in October 1983, reported that at that time Plaintiff stated that "(s)ometimes I can't sleep.... Excessive drinking if I have a lot on my mind. I just get drunk.... Can't do nothing except go to sleep." Dr. Schoengold, a psychiatrist who examined Plaintiff in December, 1987, diagnosed Plaintiff as having alcohol dependence and dysthymia. The doctor stated that the prognosis must be considered guarded because Plaintiff is suffering from alcoholism and has great denial regarding the degree of the problem. Dr. Zalcman, a psychiatrist who examined Plaintiff in August 1988, reported that Plaintiff had a "continued chronic alcohol abuse, which continues through the present time in a gentleman with a past history of a major depressive disorder."

As an initial matter, the court in *Ferguson* did not hold that an alcoholic's own statements regarding his disease could not be considered at all but simply, and more narrowly, that such testimony could not be the *sole* basis for the Secretary's finding of no disability. There is ample evidence in the record, independent from Plaintiff's statements, to support the Secretary's decision that Plaintiff's alcoholism did not impose disabling functional limitations on him. First, there is no record evidence that *every* time Plaintiff excessively drinks he cannot do anything except sleep. Moreover, there is no record evidence that Plaintiff would excessively drink before appearing to work or during work. Accordingly, there is nothing inconsistent with Plaintiff's statements to Byrne and his statements to the ALJ that his excessive drinking did not otherwise interfere with his normal functioning, such as attending and performing work. Indeed, Plaintiff's statements to Byrne were made several years prior to the ALJ hearing and there is no indication that the same problem, of needing to sleep off his excessive drinking, persisted in 1988.

The other evidence before the ALJ shows *no* physical or mental disablement due to alcoholism. Mental status examinations by three mental health professionals revealed that Plaintiff's mental abilities, including his concentration, memory, thinking, and fund of information, were good. Although Plaintiff may become depressed there is no evidence that the depression is causally linked to the alcoholism. Furthermore, substantial evidence in the record corroborates the Plaintiff's statement to the ALJ that notwithstanding his excessive drinking

he could function in a normal way. First, he was clearly competent to manage his supplemental security income benefits if he received them. Moreover, at the hearing he maintained good eye contact throughout the interview and his basic grooming was very adequate. Plaintiff testified that he has friends he sees from time to time, he belongs to clubs, and he reads and studies a lot. These facts illustrate that Plaintiff can function in a day-to-day normal way.

Accordingly, there is substantial evidence in the record to support the Secretary's determination that Plaintiff's alcoholism did not result in functional loss and disability. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir.1986).

It hereby is

ORDERED that Plaintiff's Motion for Reversal or Remand be, and the same hereby is, DENIED; and it is further

ORDERED that Defendant's Motion for Judgment of Affirmance be, and the same hereby is, GRANTED.